# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:07-CV-21-FDW

| | |
|---|---|
| JOHNNIE MAE ROBINSON, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )   ORDER<br>) |
| THE PRESBYTERIAN HOSPITAL d/b/a Presbyterian Wound Center, WENDY GEORGE, JAN PICKETT, and DR. TAMMY HAY, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

THIS MATTER comes now before the Court on Defendant Wendy George's Motion to Dismiss (Doc. No. 20) and Plaintiff's Renewed Motion to Appoint Counsel (Doc. No. 23).

Plaintiff Robinson brings this action under Title VII of the Civil Rights Act of 1964. Plaintiff contends that her demotion from a Certified Nursing Aide II (CNA II) to a medical records position and the subsequent termination of her employment were based upon race, sex, age, and/or retaliation. Defendant George was Plaintiff's immediate supervisor and an employee of Meridian Healthcare, a Presbyterian Hospital affiliate. Defendants Jan Pickett and Dr. Tammy Hay are also co-workers of Plaintiff, but neither is Plaintiff's immediate supervisor.

**I.      Individual Defendants' Motion to Dismiss**

The purpose of a motion to dismiss, under Fed. R. Civ. P. 12(b)(6), is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action.

1

Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). The court may dismiss a complaint for failure to state a claim only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Nevertheless, while the court must take the facts in the light most favorable to the plaintiff, the court "need not accept the legal conclusions drawn from the facts [or] . . . unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs.Ltd.P'ship, 213 F.3d 175, 180 (4th Cir. 2000). In this way, a motion to dismiss "allows a court to eliminate actions that are fatally flawed in their legal premises." Parham v. Pepsico, Inc., 927 F.Supp. 177, 178 (E.D.N.C. 1995).

An "employer" is defined for purposes of Title VII as "a person engaged in an industry affecting commerce who has fifteen or more employees" and "any agent of such person." 42 U.S.C. §2000e(b) (2007). The statutory reference to "agent" represents "an unremarkable expression of *respondeat superior* -- that discriminatory personnel actions taken by an employer's agent may create liability **for the employer**." Lissau v. Southern Food Services, Inc., 159 F.3d 177, 180 (4th Cir. 1998) (emphasis added). Thus, supervisors and/or co-workers of a Title VII plaintiff cannot be held individually liable because they are not "employers" as defined in Title VII. Id.; Lane v. Lucent Tech., Inc., 388 F. Supp. 2d 590, 595 (M.D.N.C. 2005).

Because Defendant George was Plaintiff's immediate supervisor, Plaintiff has no claim against George in her individual capacity. Defendant George's Motion to Dismiss must therefore be GRANTED.

In their joint answer, Defendants Pickett and Hay raised as a defense that they are not "employers" within the meaning of Title VII. Although these Defendants' legal defenses have not been asserted with the formalities required by this Court's local rules, the same reasoning that applies to Defendant George applies with equal force to Defendants Pickett and Hay, who were simply employees with whom Plaintiff interacted at Presbyterian Wound and Care Center. Accordingly, Plaintiff's claims against Defendants Pickett and Hay must also be DISMISSED.

## II. Plaintiff's Renewed Motion to Appoint Counsel

The Constitution of the United States does not provide civil litigants the right to the appointment of counsel. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). United States Magistrate Judge David C. Keesler originally denied Plaintiff's request for counsel on March 7, 2007 (Doc. No. 18). The circumstances in which Plaintiff finds herself have not changed since that order was issued. Therefore, Plaintiff's Renewed Motion to Appoint Counsel is DENIED.

## III. Conclusion

The Clerk is hereby directed to TERMINATE the motions found at Doc. Nos. 20 and 23 and to DISMISS Defendants George, Pickett, and Hay.

IT IS SO ORDERED.

Signed: July 23, 2007

Frank D. Whitney
United States District Judge

3