# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**DOCKET NO. 3:07-cv-00021-FDW**

| | |
|---|---|
| JOHNNIE MAE ROBINSON, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )      **ORDER**<br>) |
| PRESBYTERIAN WOUND CARE CENTER, | )<br>)<br>) |
| Defendant. | )<br>) |

THIS MATTER comes now before the Court upon Defendant's motion for summary judgment (Doc. No. 36). Due to new accusations made at oral argument by Plaintiff, who is proceeding pro se, the Court feels the record before it is incomplete. Therefore, the Court defers ruling on Defendant's motion in order to provide Plaintiff additional time to support her new allegations. If Plaintiff is able to do so, the Court will then allow a limited period of discovery to address these new allegations.

Plaintiff has four causes of action: (1) discrimination based on race, (2) discrimination based on gender, (3) discrimination based on age, all in violation of Title VII of the Civil Rights Act of 1964, and (4) retaliation against her for her efforts to enforce her rights under Title VII. The first three causes of action proceed under the Supreme Court's McDonnell Douglas framework, which has been summarized by the United States Court of Appeals for the Fourth Circuit as follows:

> At the first step the plaintiff has the burden to establish a prima facie case. A Title VII plaintiff using the standard formulation for the prima facie case meets this burden by showing that: "(1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her

employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class." If the plaintiff establishes her prima facie case, the burden shifts to the employer at the second step "to articulate a legitimate, nondiscriminatory reason for the adverse employment action." At the third step the burden returns to the plaintiff to show that "the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." Specifically, the plaintiff must "prove by a preponderance of the evidence that the legitimate reasons offered by the [employer] were not its true reasons, but were a pretext for discrimination."

Lettieri v. Equant Inc., 478 F.3d 640, 646 (4th Cir. 2007) (quoting Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004) (en banc); Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000)) (citations omitted). At oral argument, the Court spent much of its time discussing the third step of the McDonnell Douglas framework. Assuming that Plaintiff has made a prima facie showing of discrimination—that she was replaced by Ms. Vinson, a young, Caucasian female—and assuming that Defendant has rebutted that showing with a legitimate, nondiscriminatory reason for her termination—Plaintiff's failure to pull the medical records charts each morning—Plaintiff must be able to demonstrate that Defendant's reason is pretext for discrimination. Plaintiff responded that she had, in fact, pulled the charts as required each and every morning. When questioned as to how the charts then appeared in Ms. George's office, Plaintiff stated that Ms. George, in an effort to have the Plaintiff terminated, went into Plaintiff's office and removed the files to her own office. Defendant's affidavits seem to deny the possibility of such a scenario, but if Plaintiff were to properly support this allegation with a sworn affidavit, there may be a genuine issue of material fact as to pretext. However, because this allegation did not arise until oral argument and is supported only by Plaintiff's unsworn statements, the Court feels that this issue must be developed. The Court recognizes that this delay may inconvenience Defendant, but the

Court's duty to pro se plaintiffs must outweigh that inconvenience.[1]

Accordingly, Plaintiff has **FOURTEEN CALENDER DAYS** from the date of this Order and no later than **May 9, 2008**, to submit to the Court a **sworn affidavit** in which she details the events that she alleged at oral argument, namely that she did, in fact, pull the medical records charts on the morning of September 23, 2005, as required by the 2005 Guidelines, and that it was her supervisor, Ms. Wendy George, who then removed those charts to her office in an effort to have Plaintiff terminated. Such an affidavit may create a genuine issue of material fact: whether Defendant's reasons for firing Plaintiff were pretextual. The Court would then reopen discovery for two weeks, during which the parties may conduct limited discovery on this precise issue only: whether Plaintiff had pulled the medical records charts on the morning of September 23, 2005, as required by the 2005 Guidelines, and whether Ms. George, or another agent of Defendant, then removed those charts so as to have reason to terminate Plaintiff. The Court would then allow one week for any additional briefing on this issue, after which it would rule on Defendant's motion for summary judgment.

IT IS SO ORDERED.

Signed: April 24, 2008

Frank D. Whitney
United States District Judge

---

[1] See Haines v. Kerner, 404 U.S. 519, 520 (1972) (detailing a court's duty to hold pro se plaintiffs to less stringent standards); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (holding that a pro se plaintiff's difficulty articulating his grievance "need not detour the district court from resolving that which the litigant himself has shown to be his real concern").