# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:07-cv-00021-FDW

| | |
|---|---|
| JOHNNIE MAE ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| PRESBYTERIAN WOUND CARE ) | |
| CENTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER comes now before the Court upon Plaintiff's Motion for Reconsideration (Doc. No. 65), in which Plaintiff asks the Court to reconsider its Order (Doc. No. 61) denying her Motion to Continue (Doc. No. 59). For the reasons stated below, Plaintiff's Motion is DENIED.

Plaintiff makes two arguments in favor of reconsideration. First, Plaintiff states, "I am not physically able to stand trial due to the medication I am taking and my emotional state of mind. I am so stress [sic] out and depress [sic] due to Presbyterian [sic] actions." (Doc. No. 65.) As evidence of her incapacity to stand trial, Plaintiff has attached a note from Ms. Dawn VanHoy, a psychotherapist with Carolinas HealthCare System, stating that Plaintiff has been receiving weekly psychotherapy since April 15, 2008, and that she has been prescribed Risperdal and Klonopin. The note does not state Ms. VanHoy's qualifications, but she does not appear to be a licensed physician. Even assuming Ms. VanHoy's qualifications to make such a determination, nowhere does she state that Plaintiff is physically incapable, either because of her mental state or because of the medications she is taking, to stand trial. Plaintiff has been representing herself in this case since she filed her

Complaint on January 17, 2007, and did so most recently at a status conference on June 24, 2008. At no point in time during the previous nineteen months has Plaintiff stated that her mental state and/or prescription medications make her self-representation physically impossible. Now, on the eve of trial, Plaintiff makes this allegation of incompetency, supported only by Ms. VanHoy's note, which expresses no opinion whatever as to Plaintiff's competency to stand trial. These circumstances do not justify continuance of this trial, which has already overshot the Court's standard litigation track by seven months.

Next, Plaintiff states that she had secured counsel, Ms. Lena Watts-Robinson, but that Ms. Watts-Robinson was forced to terminate her agreement with Plaintiff after the Court "ruled that the trial will be on July 14." (Doc. No. 65.) What Plaintiff has continually misunderstood, however, is that the Court has not just recently ruled that the case would be tried on July 14, 2008, but rather did so four months ago, on April 15, 2008. Since that time, the trial date has not changed, and indeed the Court has continually reaffirmed that the date of trial would be July 14, 2008. The Court does not, and has never wished to deprive Plaintiff of counsel. However, the Court must set deadlines, as it has here, and it must adhere to those deadlines. That Plaintiff did not inform Ms. Watts-Robinson of the trial date when seeking her representation does not change the situation. Furthermore, Ms. Watts-Robinson has never filed notice of appearance or otherwise informed the Court that she has undertaken representation of Plaintiff. If Ms. Watts-Robinson were to appear before the Court and move the Court for a continuance, the Court would consider her motion.

Finally, the Court notes that Plaintiff has been advised by a Mr. James Epperson, an attorney who is apparently providing Plaintiff pro bono advice, that she may voluntarily dismiss her suit and refile it at a later date. However, because of the late procedural posture of this case, Plaintiff is outside her time to voluntarily dismiss without prejudice unless Defendant stipulates to the dismissal.

Fed. R. Civ. P. 41(a)(1)(A). Plaintiff does not appear to have ascertained Defendant's position on a voluntary dismissal. Absent Defendant's consent, Plaintiff could only voluntarily dismiss her case through "court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). At this late date, mere days before trial, any dismissal by order of the Court would be with prejudice.[1]

Accordingly, Plaintiff's Motion for Reconsideration is DENIED. This case shall proceed to trial at 9:00 a.m. on July 14, 2008.

IT IS SO ORDERED.                    Signed: July 9, 2008

Frank D. Whitney
United States District Judge

---

[1] A word on dismissal with or without prejudice for the benefit of pro se Plaintiff is in order. Dismissal "without prejudice" is not an adjudication on the merits, meaning that Plaintiff would be able to refile her case. Dismissal "with prejudice" is an adjudication on the merits, meaning that Plaintiff would *not* be permitted to refile her case. Because of the circumstances of this case, any dismissal by order of the Court would be with prejudice.