# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

**DOCKET NO. 3:07-cv-00021-FDW**

| | |
|---|---|
| JOHNNIE MAE ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| PRESBYTERIAN WOUND CARE ) | |
| CENTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER comes now before the Court upon Plaintiff's "Motion for Reconsideration . . ." (Doc. No. 67), filed by attorney Lena Watts-Robinson on behalf of Plaintiff, who has heretofore proceeded pro se. Plaintiff's Motion is GRANTED under the conditions set forward herein.

As an initial matter, the Court notes that Ms. Watts-Robinson has filed the Motion "on behalf of the Plaintiff," but states that she "cannot make an appearance" at this time. However, the fact is that Ms. Watts-Robinson has appeared before the Court in a case to be tried in four days, has asked the Court for a continuance, has represented that she will represent Plaintiff if a continuance is granted, and has signed the Motion as required by Rule 11 of the Federal Rules of Civil Procedure. Given these circumstances, the Court is of the opinion that Ms. Watts-Robinson has, in fact, made a general appearance in this case.

In the Motion, Plaintiff's counsel implies that the Court's governance of its docket in a speedy and efficient manner is a trivial matter, one to be subjugated whenever a particular plaintiff has mismanaged his or her case. (Doc. No. 67 ¶ 5.) Furthermore, Plaintiff's counsel states that the

Court would be denying justice by adhering to the deadlines it has set, deadlines the Court has constantly and painstakingly reinforced to pro se Plaintiff. The Court decidedly disagrees. The management of the Court's docket is of the utmost importance to the carrying out of justice, both civil and criminal. The property, liberty, and even lives of those who appear before the Court are of paramount interest. And so, to ensure that these interests are dealt with fairly and in a timely fashion, the Court must set a schedule, and it must adhere to it. As the Court has often repeated, justice delayed is justice denied.

In addition, the Court emphatically rejects Plaintiff's counsel's suggestion that "the justice system is not design [sic] to assist [employees, and] . . . gives the employer an advantage over the unjustly, terminated employee." (Doc. No. ¶ 6.) It would be a sad day indeed if the Court were to recognize that the system it has sworn to uphold were so unjustly imbalanced. In the humble opinion of the undersigned, the situation is not as Plaintiff's counsel suggests.

Nevertheless, the Court is of the opinion, having had several opportunities to observe Plaintiff and having read her submitted materials, that this case would benefit immensely were she to obtain representation. Such representation should have been secured months ago, if not years, not days before trial, and the Court has no doubt that Defendant has been prejudiced by Plaintiff's delay in this matter. Despite this prejudice to Defendant, the Court will continue this case until its next term, beginning September 8, 2008. This continuance gives Plaintiff's counsel sixty (60) days to prepare for trial, a time frame the Court believes to be more than sufficient.[1] Furthermore, there shall be no new discovery in this case, and the Court will adhere to the Federal Rules of Civil Procedure,

---

[1] The Court necessarily rejects counsel's suggestion that she requires seventy-five (75) days to prepare for trial. Criminal defendants, facing the deprivation of liberty and even life, often proceed to trial only thirty days after their initial appearance with counsel (often the first interaction the defendant has with his attorney). See U.S.C. § 3161(c)(2); Williford v. U.S., 469 U.S. 893, 894 (1984). Certainly, the sixty (60) days allowed herein are sufficient for Plaintiff's counsel to proceed in this relatively simple employment dispute.

including but not limited to Rule 26(a)(2) concerning the mandatory disclosure of expert reports and testimony.

Accordingly, it is hereby ordered that Plaintiff's Motion be GRANTED and that this case be continued until the Court's trial term of September 8, 2008, at which time Plaintiff's case shall proceed to trial under the representation of Ms. Lena Watts-Robinson.

IT IS SO ORDERED.          Signed: July 10, 2008

Frank D. Whitney
United States District Judge